# CIRCUIT COURT OF THE CITY OF ROANOKE

NSW Corporation

v.

Homer William Ferguson et al.

August 24, 1999

Case No. CH99-21

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff manufacturer alleges that Defendant former employee took confidential, proprietary, and trade secret information, techniques, procedures, and business expectancies; delivered them to Defendant rival manufacturer and its Defendant president; and, thereafter, all three of the Defendants conspired maliciously to harm Plaintiff manufacturer by delivering the information to other competitors of the Plaintiff. The bill of complaint, in addition to asking for injunctive relief, sets forth a count for conversion of the secret information, techniques, procedures, and expectancies; a count claiming a violation of § 59.1-336, *et seq.*, Code of Virginia (1950), as amended, that being the Virginia Uniform Trade Secret Act; a count alleging breach of fiduciary duty by Defendant former employee; and a count alleging a business conspiracy. The business conspiracy count claims that the Defendant's actions also violate § 18.2-499 and § 18.2-500, they being criminal conspiracy statutes, and therefore allow for the recovery of treble damages. The Plaintiff also asks for punitive damages not to exceed $350,000.00 pursuant to § 59.1-338 and § 59.1-338.1, as well as its necessary expenses and attorney's fees as authorized by § 18.2-500 and § 59.1-338.1. Defendants have demurred to all of the Plaintiff's counts except the one charging a violation of the Virginia Uniform Trade Secret Act, claiming that all of these other counts have been pre-empted by § 59.1-341, which supplants conflicting law for misappropriation of a trade secret. The Court finds in favor of the Defendants.

The demurrers filed by the Defendants are well founded. Section 59.1-341, with certain listed exceptions, "displaces conflicting tort, restitutionary, and other law of this Commonwealth providing [which provide] civil remedies for misappropriation of a trade secret." That means that if the claimed remedy is based on the misappropriation of a trade secret by any improper means, the Plaintiff's exclusive remedy lies in the Virginia Uniform Trade Secret Act. For a similar analysis, see *Smithfield Ham and Prod. Co. v. Portion Pac, Inc.*, 905 F. Supp. 346 (E.D. Va. 1995). This act also defines the terms "trade secret," "misappropriation," and "improper means." When viewed in the light of the oral argument, it is clear to the Court that the information alleged by the Plaintiff to have been improperly taken falls well within the parameters of the statutory definition of "trade secret," as set forth in § 49.1-336. The alleged manner and means of the taking and dissemination of the trade secrets, as well as the alleged breach of fiduciary duty, all fall within the statutory definition of "improper means" and "misappropriation." Thus, if all of the Plaintiff's claims are based on the misappropriation of trade secrets by improper means, his exclusive remedies are those set forth in the Virginia Uniform Trade Secret Act. Those are precisely the facts of this case.

This ruling does not mean that the Plaintiff's facts are not sufficient for multiple claims against the Defendants. If, for example, the Defendants had committed a battery upon the Plaintiff on Monday, a second battery on Tuesday, and a third battery on Wednesday, the Plaintiff would be able to file a three-count claim for damages listing each tort separately. The same applies in this case. Plaintiff can allege that Defendant former employee violated the Virginia Uniform Trade Secret Act when he delivered Plaintiff's trade secrets to the other two Defendants. He can allege that a second violation of the act occurred when the other two Defendants received the trade secrets knowing them to have been stolen. Finally, he can allege that a breach of the Act occurred when all three Defendants conspired with each other to deliver the trade secrets to others with the intent to harm the Plaintiff's business. Under the final allegation, Plaintiff may claim punitive damages and attorney's fees under the Virginia Trade Secret Act, *or* under the criminal conspiracy statutes, but not both.

The Defendants' demurrers are granted. Counts I, II, and IV of the Second Amended Bill of Complaint are stricken for the reasons set forth above. Plaintiff shall have twenty-one days from the date of this letter opinion to file a Third Amended Bill of Complaint if he so desires. Defendants shall have twenty-one days to reply. Service of process shall be by mailing to counsel of record.